defendants," and after verdict the action was dismissed as to one of the defendants, *held* that the refusal of the trial court to grant a motion in arrest of judgment was not error, as the common counts after the amendment declared only against the remaining defendants.

2.  JUDGMENT, § 218*—*when motion in arrest of judgment will not be granted.* Where a judgment may be sustained on one count of a declaration, the fact that it cannot be sustained on another count will not justify the granting of a motion in arrest of judgment.

3.  APPEAL AND ERROR, § 1303*—*when presumed that evidence sufficient to support judgment.* Where no bill of exceptions is filed, it must be conclusively presumed that the evidence is sufficient to support the judgment.

----

# The People of the State of Illinois, Defendant in Error, v. Julius F. Taylor, Plaintiff in Error.

## Gen. No. 21,777.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY C. MORAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed October 18, 1916. Rehearing denied October 31, 1916.

### Statement of the Case.

Prosecution by the People of the State of Illinois, plaintiff, against Julius F. Taylor, defendant, on an information charging criminal libel. To review a judgment against him, the defendant prosecutes a writ of error.

WALTER M. FARMER, for plaintiff in error.

MACLAY HOYNE, for defendant in error; EDWARD E. WILSON, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

1. LIBEL AND SLANDER, § 189*—*when burden of proof on defendant to sustain plea of justification.* In a prosecution for criminal libel, a plea of justification being affirmative, the burden is cast upon the defendant to sustain the plea.

2. LIBEL AND SLANDER, § 191*—*when evidence insufficient to establish truth of libelous matter.* In a prosecution for criminal libel, evidence *held* not to show that the trial court erred in finding that the defendant had failed to· establish the truth of the libelous matter.

---

## Mary C. De Wolf, Appellee, v. Marshall Field & Company, Appellant.

## Gen. No. 21,321.

1. MUNICIPAL CORPORATIONS, § 81*—*when ordinances deemed to be retrospective.* While the general presumption is, as a matter of law, that ordinances are not intended to ·be retrospective, yet if the intention is clear that they are to be retrospective, that intention must govern unless it is found to be in contravention of some constitutional restriction or provision.

2. BUILDING RESTRICTIONS AND REGULATIONS, § 1*—*when ordinance is a police regulation.* The building ordinance of Chicago is chiefly a police regulation.

3. BUILDING RESTRICTIONS AND REGULATIONS, § 1*—*what council may regulate by ordinance.* The city council, if it believes that handrails on stairways in certain buildings are reasonably necessary· for the public safety, has the right to provide by ordinance that all such buildings be furnished therewith.

4. BUILDING RESTRICTIONS AND REGULATIONS, § 1*—*when ordinance retrospective.* The Building Code of Chicago of 1911, ch. 16, art. XVIII, subd. 668, par. (j), providing that stairways in certain buildings shall be equipped with handrails, applies to buildings con-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.